**UNITED STATES COURT OF INTERN ATIONAL TRADE**
**BEFORE THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, et al., <br><br>                              **Plaintiffs,** <br><br>             **v.** <br><br> UNITED STATES, <br><br>                        **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) )     **Ct. No. 26-01216** |

## ORDER

Upon consideration of Plaintiffs' Motion for a Preliminary Injunction to enjoin liquidation of certain entries and other papers and proceedings herein, it is hereby:

**ORDERED** that Plaintiffs' Motion for a Preliminary Injunction is GRANTED; and it is further

**ORDERED** that the Defendant, the United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection ("CBP"), shall be, and are hereby **ENJOINED**, from liquidating any entries on which duties were paid by Plaintiffs and that were the subject of the United States Department of Commerce's final determination in <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022</u>, 91 Fed. Reg. 3,419 (Dep't Commerce Jan. 27, 2026), and which were entered, or withdrawn from warehouse, for consumption, during the periods January 1, 2022 through December 31, 2022 that were produced and/or exported by JA Solar Vietnam Company Limited; JA Solar PV Vietnam Company Limited; JA Solar International Limited and challenged in Plaintiffs' complaint, pending final judgment in this action and any appeals; and it is further,

**ORDERED** that this preliminary injunction shall remain in effect until dissolved or modified by order of this Court.

**SO ORDERED**.

Dated:_____, 2026
    New York, New York                        _____
                                     Joseph A. Laroski, Jr., Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

|  |  |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Ct. No. 26-01216 |

**MOTION FOR A PRELIMINARY INJUNCTION**

**INTRODUCTION**

Pursuant to Rule 65(a) of the Rules of the U.S. Court of International Trade, Plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited and JA Solar USA Inc. (collectively "JA Solar"), respectfully move this Court for a preliminary injunction enjoining Defendants from liquidating entries on which JA Solar paid countervailing duties ("CVD") consistent with the U.S. Department of Commerce's ("Commerce's") final results in <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022</u>, 91 Fed. Reg. 3,419 (Dep't Commerce Jan. 27, 2026), and which were entered, or withdrawn from warehouse, for consumption, during the periods January 1, 2022 through December 31, 2022 that were produced and/or exported by JA Solar Vietnam Company Limited; JA Solar PV Vietnam Company Limited; JA Solar International Limited and challenged in JA Solar's complaint, pending final judgment in this action and any appeals.  As explained below, Commerce (1) has so far denied JA Solar its statutorily required right to a review of its entries for this period; and (2) has acted not in accordance with law and abused its discretion in

rejecting JA Solar's request to issue special instructions to U.S. Customs and Border Protection ("CBP") to ensure continued suspension of JA Solar's late-converted Type 03 entries after the deadline to file a request for an CVD administrative review of these entries had passed.

## RELEVANT FACTS

On April 1, 2022, Commerce initiated circumvention inquiries to determine whether solar cells and modules, which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from China, were circumventing the antidumping ("AD") and CVD orders on solar cells and modules from China ("China Orders"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

During Commerce's circumvention investigations, on June 9, 2022, President Biden issued a Presidential Proclamation declaring that a national emergency existed with respect to the availability of sufficient electricity generation capacity such that the President ordered a moratorium on the imposition of additional AD and CVD duties on imports of solar cells and modules from Cambodia, Malaysia, Thailand and Vietnam for a period of 24 months regardless of Commerce's final determinations in its circumvention inquiries. See Proclamation No. 10,414, Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia, 87 Fed. Reg. 35,067, 35,068 (Jun. 9, 2022).

On August 23, 2023, Commerce published its affirmative determinations with respect to certain solar cells and modules that have been completed in Cambodia, Malaysia, Thailand, or Vietnam, using parts and components from China. See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From

the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023).

As part of its affirmative circumvention finding, Commerce established regimes whereby exporters and importers could certify that their merchandise was not subject to AD and CVD duties. See id., 87 Fed. Reg. at 57,422. For instance, an importer and exporter could certify that the merchandise was not subject to AD and CVD duties because it was imported during the national emergency identified by the President (i.e., the "Appendix IV" regime). See id. An importer and exporter could also certify that the merchandise did not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime). See id.

Exports from Vietnam and those three other countries subject to Commerce's affirmative circumvention determinations and associated with the third-country case number relevant to the eleventh review are subject to a "stop" order from Commerce to CBP halting any liquidation pending further instructions from Commerce. See Message No. 3041408 (Feb. 10, 2023); Message No. 3243401 (Aug. 31, 2023); Message No. 3076407 (Mar. 17, 2023).

Specifically, CBP Message Nos. 3041408 and 3243401 provide that:

12b. Importers and exporters must complete the applicable certification, and meet the documentation and other requirements detailed below, in order for the entry to not be subject to the suspension of liquidation and cash deposit requirements described above. If it is determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries that are described in either paragraph 14, 15, 16, 17, or 18 below, CBP is instructed to suspend, pursuant to the preliminary country-wide affirmative determinations of circumvention and the AD and CVD orders on solar cells and solar modules from China, all unliquidated entries for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits equal to the rates noted above.

Message No. 3041408 at ¶ 12b; Message No. 3243401 at ¶ 12b.

Further, in CBP Message No. 3076407, covering the prior AD administrative review, Commerce instructed CBP to <u>not</u> liquidate any entries with the application of AD/CVD in connection with the circumvention cases:

> Commerce is currently conducting circumvention inquiries on whether crystalline silicon photovoltaic cells, whether or not assembled into modules, that have been completed in, and exported from, Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China are covered by the scope of the antidumping and countervailing duty orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from China. In message 3041408, dated 2/10/23, for entries of merchandise covered by the inquiries not already subject to the suspension of liquidation, Commerce instructed CBP to suspend liquidation of: Southeast Asian-Completed Cells and Modules that were entered, or withdrawn from warehouse, for consumption during the period 04/01/2022 through 06/05/2024, (the day before the currently-scheduled date of termination of the Presidential Proclamation), for which the certification requirements described in either paragraph 14, 15, 16, 17, or 18 of message 3041408 have not been met. <u>CBP should not liquidate entries suspended pursuant to message 3041408 until specific liquidation instructions are issued.</u>

Message No. 3076407 at ¶ 6 (emphasis added).  This message covers a majority of the period of review ("POR") subject to this appeal.  Messages 3041408, 3243401 and 30764707 operated together to (1) expand the application of the China solar CVD order to exports of solar cells and modules with a country of origin of Vietnam, Thailand, Cambodia or Malaysia based on CBP's determination that certain certification requirements were not met, while (2) preserving them in suspended status pending "specific liquidation instructions."

Between December 2023 and January 2024, while certain interested parties requested that Commerce conduct the eleventh CVD administrative review of the China Orders, JA Solar did not request a review for its Vietnamese exports because JA Solar had been using the appendices from the circumvention determinations to certify that its Vietnamese exports were not subject to the AD and CVD duties under the China Orders.  See Compl. at 6 (Feb. 20, 2026), ECF No. 9.  Prior to

4

the deadline to request an administrative review, JA Solar had no suspended "Type 03" entries for its Vietnamese exports during the POR and therefore had no reason, or ability, to request a review of its entries.  See id.

On February 8, 2024, Commerce initiated the eleventh CVD administrative review of the China Orders covering the POR of January 1, 2022 through December 31, 2022.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 89 Fed. Reg. 8,641 (Dep't of Commerce Feb. 8, 2024).

Long after the initiation of the eleventh CVD administrative review, in late 2024, CBP began questioning the applicability of the certifications provided by JA Solar.  See Compl. at 7.

As a result, CBP began converting JA Solar's entries of Vietnamese solar modules during the POR from Type 01 to Type 03, thereby rendering JA Solar's Vietnamese solar module exports subject to the underlying CVD administrative review long after the deadline to request a review of these entries had passed.  See id.

Consistent with the procedures followed by Commerce in a recent administrative review of the AD and CVD duty orders on hardwood plywood from China, see Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Preliminary Determination of No Shipments, and Partial Rescission; 2021-2022, 89 Fed. Reg. 66,343 (Dep't of Commerce Aug. 15, 2024), and given that CBP converted the entries subject to the above-captioned review after both the review request anniversary month and initiation has passed, JA Solar filed an administrative review request covering its Vietnamese exports from January 1, 2023 and December 31, 2023 and requested that Commerce expand its POR to cover prior entries where CBP retroactively transformed JA Solar's entries after initiation.  See Initiation of Antidumping and Countervailing Duty Administrative

Reviews, 90 Fed. Reg. 8,187 (Dep't of Commerce Jan. 27, 2025).  In simple terms, JA Solar requested a review at the first available opportunity in the twelfth CVD administrative review and asked Commerce to expand the POR to cover older entries that were late-converted to Type 03 by CBP.  Commerce has yet to take any action to extend the subsequent POR to cover entries back to 2022.  See Compl. at 8.

On May 12, 2025, in the eleventh CVD administrative review, JA Solar filed a case brief requesting Commerce to include language in the instructions to CBP to continue suspension of entries covered by Customs Messages 3041408 and 3243401 such that Commerce can review JA Solar's entries in the subsequent twelfth CVD administrative review.  See Letter on Behalf of JA Solar to Commerce re: Case Br. at 4-6 (May 12, 2025) (Public Document).  JA Solar's request was no more than explicitly maintaining the status quo of the suspended status for JA Solar's entries during the eleventh CVD administrative review.

On January 27, 2026, Commerce published the Final Results. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022, 91 Fed. Reg. 3,419 (Dep't Commerce Jan. 27, 2026).

In the Final Results, Commerce rejected JA Solar's request to issue special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries.  See id., and accompanying Final Issues and Dec. Mem. at Cmt. 6 ("Final I&D Mem.").  Commerce detailed that it did not issue revised liquidation instructions because JA Solar's entries were not under review.  See id.  In making this determination, Commerce explained that a review of JA Solar was not requested "for this administrative review by the appropriate deadline (December 31, 2023)" and Commerce noted that it had already issued automatic liquidation instructions impacting these

companies at the outset of this administrative review.  Id.  See id.  JA Solar, however, had no suspended Type 03 entries at the time of the opportunity to request such a review.  Further, Commerce found that the conversion of JA Solar's entries to Type 03 "flowed from CBP's enforcement of the circumvention regime."  Id.  Commerce, however, ignored that it is the agency, and not CBP, that is responsible for reviewing a company's entries on a yearly basis.  Effectively, if Commerce declines to extend the POR in the twelfth CVD administrative review, Commerce will have denied JA Solar its statutory right to a review of its entries for this period.

As required by Rule 7(f) of the Rules of this Court, the undersigned counsel consulted with counsel for Defendant at the U.S. Department of Justice, Tate Walker, seeking consent to this motion via email on April 12, 2026.  Defendant stated via email on April 13, 2026, as follows:

> Defendant opposes a preliminary injunction because no review was requested on plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited, and JA Solar USA Inc. Accordingly, Commerce did not initiate review of these companies.  See Initiation Notice, 89 Fed. Reg. 8,641, 8,646-47. Because plaintiffs' entries were not subject to review in the challenged proceeding, plaintiffs are not entitled to enjoinment of these entries. See 19 U.S.C. § 1516a(c)(2). The Government plans to file a full response to the motion in the timeline provided by the Court's rules.

This Motion is timely, pursuant to USCIT Rule 56.2(a), because it is being filed within 30 days of service of the complaint.

JA Solar is prepared to support the assertions made in this motion at an evidentiary hearing or through supplemental submissions, and will make itself available to be heard through counsel, as this Court deems appropriate and helpful in its consideration and disposition of this motion.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy," but one that is available where warranted under the familiar four-part test: (1) irreparable harm absent relief; (2) likelihood of success on the merits; (3) balance of hardships; and (4) the public interest.  Winter v. Nat. Res.

Def. Council, Inc., 555 U.S. 7, 20 (2008); see also eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).[1]  This Court has authority to grant such relief under 28 U.S.C. §§ 1585 and 2643(c)(1).  This Court has previously granted preliminary injunctive relief in the form of suspending liquidation.  See, e.g., In re Section 301 Cases, 45 CIT __, __, 524 F. Supp. 3d 1355, 1372 (2021) (explaining that "{i}t is both inequitable and against the public interest for the Government to retain unlawfully collected duties" in the Court's order to "restrain liquidation of any unliquidated entries of merchandise imported from China" being challenged in that case).

## I.    THE COURT SHOULD ENTER A PRELIMINARY INJUNCTION SUSPENDING LIQUIDATION OF JA SOLAR'S ENTRIES SUBJECT TO COMMERCE'S FINAL RESULTS

JA Solar seeks this narrowly-tailored, limited relief, i.e., the suspension of liquidation of its entries subject to this appeal, as a protective measure to safeguard its interests following CBP's conversion of these Type 01 entries into Type 03 entries after the opportunity to request an administrative review had passed in the current proceeding on appeal.  For the reasons provided below, this Court should enjoin the liquidation of JA Solar's entries subject to this appeal because (1) JA Solar will suffer irreparable and immediate injury without an injunction; (2) JA Solar will likely prevail on the merits; (3) the public interest will be best served by granting the injunction; and (4) the balance of hardships favors JA Solar.

### 1. Liquidation of JA Solar's Entries Poses a Substantial Risk of Irreparable Harm

JA Solar will be immediately and irreparably harmed unless this Court grants JA Solar's Motion for Preliminary Injunction.  The Federal Circuit has previously held that the prospect of mootness of an appeal due to the liquidation of entries constitutes grounds for finding immediate

---

[1] The Supreme Court's decision in Trump v. CASA, Inc., 606 U.S. 831 (2025) does not negate JA Solar's claims, as this motion adopts the principles outlined CASA by demonstrating that JA Solar meets the four factors that warrant an injunction.  See CASA, 606 U.S. at 831-35, 915-16.

and irreparable harm in the absence of an injunction.  See Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) (noting that "the consequences of liquidation {faced by the domestic producer} do constitute irreparable injury"); see also In re Section 301 Cases, 45 CIT at __, 524 F. Supp. 3d at 1362-63; Canadian Wheat Bd. v. United States, 31 CIT 650, 662-63, 491 F. Supp. 2d 1234, 1246-47 (2007); Nucor Corp. v. United States, 29 CIT 1452, 1461, 412 F. Supp. 2d 1341, 1349 (2005).  Without this Court's intervention, the potential liquidation of some or all of JA Solar's entries would deprive JA Solar of its statutory right to judicial review.

The harm facing JA Solar if this Court does not grant preliminary injunctive relief is further exacerbated given the unique circumstances of this appeal.  As explained in more detail below, without the requested injunction, JA Solar's entries may become unreviewable at Commerce.  JA Solar never had an opportunity to request a review of its entries in the CVD administrative review subject to this appeal as CBP converted JA Solar's entries to Type 03 entries after the opportunity to request a review had passed.  See Compl. at 6-8.  As the opportunity to request a review of its entries at Commerce had passed, JA Solar requested a review of its entries in the subsequent twelfth CVD administrative review and requested that Commerce expand the subsequent POR to cover these entries.  See id.  JA Solar then requested that Commerce issue special instructions to CBP to continue suspension of its late-converted Type 03 entries contested in this appeal while Commerce determines whether it will review these entries in the subsequent twelfth CVD administrative review.  See id.  If CBP were to liquidate JA Solar's entries subject to this appeal, JA Solar will be forced to pay at the all-others CVD rate as opposed to a company-specific rate calculated in the review and will also be permanently deprived of its statutory right to a review of its entries in the subsequent twelfth CVD administrative review.  JA Solar, therefore, would be

9

irreparably harmed absent a preliminary injunction ordering the suspension of liquidation of its entries subject to this appeal.

### 2. JA Solar Is Likely to Succeed on the Merits

JA Solar is likely to succeed on the merits of its case-in-chief.  The Court has recognized that a showing of irreparable harm lowers the movant's burden in demonstrating its likelihood success on the merits and considers the burden met if the movant raises "questions which are 'serious, substantial, difficult and doubtful.'" Timken Co. v. United States, 6 CIT 76, 80, 569 F. Supp. 65, 70 (1983) (citation omitted).  JA Solar's complaints raise substantial, difficult and serious questions of law with respect to Commerce not issuing special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries contested in this appeal.

The CVD statute is clear that once a year interested parties are allowed the opportunity to request an administrative review of their entries.  Commerce is statutorily required to provide interested parties with an opportunity to review "the amount of any net countervailable subsidy" on a yearly basis.  19 U.S.C. § 1675(a)(1); see also 19 C.F.R. § 351.213(b)(2) ("During the same month, an exporter or producer covered by an order . . . may request in writing that the Secretary conduct an administrative review of only that person.").  Here, however, JA Solar may be deprived of its right to a meaningful review of its entries due to the late conversion of its entries from non-subject Type 01 entries to Type 03 entries subject to AD/CVD after the period to request a review had passed.

Recognizing that the timing of its affirmative circumvention findings may result in entries becoming subject to AD/CVD after the deadline has passed to request the applicable administrative review, Commerce has previously expanded its administrative reviews to cover prior periods where CBP retroactively suspended entries after the opportunity to request an administrative

10

review had passed. See Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 88 Fed. Reg. 46,740 (July 20, 2023), and accompanying Issues and Dec. Mem. at 180-81 (Commerce concluded that expanding the periods of review was "the most appropriate mechanism to address" certain procedural concerns given that "all opportunities to review {certain} entries had passed."). Notably, in the preamble updating its regulations, in response to commentors with concerns on country-wide circumvention determinations, Commerce responded by explaining that Commerce uses certification programs to allow parties who have not engaged in the practices which Commerce determined were circumventing an order to certify that they did not participate in such conduct. See Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws, 86 Fed. Reg. 52,300, 52,353 (Sept. 20, 2021). As a part of its justification for such country wide determinations and certification regimes, Commerce also explained that "parties can seek a changed circumstances review or raise issues regarding ongoing certification requirements in the context of an administrative review, as appropriate." Id.

However, in this review, when notified of CBP's late conversion of JA Solar's entries, Commerce failed to grant JA Solar's request to carefully craft its instructions to CBP to include language that CBP should not liquidate entries suspended pursuant to messages 3041408 and 3243401 until specific liquidation instructions are issued, after considering the complex issues in pending reviews. By doing so, to the extent the entries subject to this appeal liquidate, Commerce will have deprived JA Solar of its statutorily mandated right to a review of its entries. Further, Commerce acted not in accordance with law and abused its discretion in rejecting JA Solar's request to issue special instructions to CBP to continue suspension of JA Solar's late-converted

11

Type 03 entries because Commerce made a clear error in judgment in weighing the relevant factors. Specifically, Commerce's decision may deny JA Solar its statutory right under 19 U.S.C. § 1675(a) to have its entries reviewed during an administrative review where CBP converted JA Solar's to Type 03 after the deadline to file a request for an administrative review had passed. Further, Commerce's decision to reject JA Solar's request to issue special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries was not supported by substantial evidence and was otherwise was not in accordance with law because Commerce failed to provide a reasonably discernable explanation for denying JA Solar's request by unlawfully ignoring that CBP converted JA Solar's entries after the deadline to request an administrative review of these entries had passed. See Final I&D Mem. at Cmt. 6 (acknowledging that "CBP later identified issues with its certifications" but nonsensically determining "JA Solar{} fail{ed} to protect its entries by timely requesting review" given that the conversion occurred after the opportunity to request a review had passed). For these reasons, JA Solar is likely to succeed on the merits of its claims, or, at a minimum, this appeal raises substantial, difficult and serious questions of law warranting preliminary injunctive relief.

### 3. The Balance of Hardships Favors JA Solar

The hardships weigh heavily in JA Solar's favor. The hardship inquiry requires the Court to determine which party will be most adversely affected by its decision to grant or deny a preliminary injunction motion. See Ugine-Savoie Imphy v. United States, 24 CIT 1246, 1250, 121 F. Supp. 2d 684, 688-89 (2000); see also Kwo Lee, Inc. v. United States, 38 CIT 1496, 1504-05, 24 F. Supp. 3d 1322, 1331-32 (2014). Without the issuance of a preliminary injunction, JA Solar could face the loss of its right to meaningful judicial review. Further, without a preliminary injunction, JA Solar could face significant CVD duties. Again, JA Solar requested that Commerce

extend the POR in the subsequent twelfth CVD administrative review to cover these entries as CBP converted them to Type 03 entries after the deadline to request the CVD administrative review subject to this appeal had passed. Liquidation of JA Solar's entries, which may result due to Commerce's failure to issue special instructions to CBP continue suspension of JA Solar's late-converted Type 03 entries, would prevent Commerce from considering JA Solar's entries in the subsequent twelfth CVD administrative review. By contrast, the United States faces only the modest burden of suspending liquidation for a limited period of time—an administrative function that CBP performs routinely in AD/CVD contexts. A delay in liquidation will, at most, constitute an "inconvenience" to the United States. Timken, 6 CIT at 81, 569 F. Supp. at 70-71. A modest delay in liquidation of JA Solar's entries while this Court considers the merits of JA Solar's claim poses a negligible burden on the United States. For these reasons, the balance of hardships favors JA Solar.

**4. The Public Interest Strongly Supports Granting JA Solar Preliminary Injunctive Relief**

The public interest is overwhelmingly served by enjoining liquidation of JA Solar's entries subject to this appeal. Allowing liquidation to proceed would undercut judicial review and risk permitting unlawful collection of CVD duties to become permanent. Case law firmly establishes that ensuring accurate assessment of AD and CVD duties and effective enforcement of trade laws is in the public interest. See e.g., PPG Indus., Inc. v. United States, 11 CIT 5, 10 (1987); Smith-Corona Grp. Consumer Prods. Div. v. United States, 1 CIT 89, 98, 507 F. Supp. 1015, 1023 (1980), aff'd, 713 F.2d 1568 (Fed. Cir. 1983). The Court also recognizes that granting preliminary injunctions serves the annunciated public interest by "maintain{ing} the status quo of the unliquidated entries until a final resolution {on} the merits {is issued}." SKF U.S.A. Inc. v. United States, 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004). To permit the imposition of

these CVD duties to take final effect through liquidation of entries would betray the very principles that gave rise to this Court's jurisdiction. The public interest is best served when entries such as these, where liquidation may result in the unlawful collection of duties given that Commerce may not be able to review these entries in the subsequent twelfth CVD administrative review, are enjoined from liquidation until this Court can rule on the issues appealed by JA Solar.

**CONCLUSION**

For the foregoing reasons, JA Solar respectfully requests that the Court grant this Motion for a Preliminary Injunction enjoining liquidation of JA Solar's entries subject to this appeal.

Respectfully submitted,

Dated: April 24, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Ave, NW, Suite 810
Washington, DC 20015
202-688-3610
jsg@mowrygrimson.com
*Counsel to JA Solar*

14