Ct. No. 26-01216

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JA SOLAR VIETNAM COMPANY LIMITED,** *et al.*,<br><br>        **Plaintiffs,**<br><br>    **and**<br><br>**JINKO SOLAR IMPORT AND EXPORT CO. LTD.,** *et al.*,<br><br>        **Proposed Plaintiff-Intervenors,**<br><br>        **v.**<br><br>**UNITED STATES,**<br><br>        **Defendant,**<br><br>    **and**<br><br>**AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,**<br><br>        **Defendant-Intervenor.** | **Before:  Hon. Joseph A. Laroski, Judge**<br><br>**Court No. 26-01216** |

### DEFENDANT-INTERVENOR AMERICAN ALLIANCE FOR SOLAR MANUFACTURING'S MOTION TO DISMISS AND COMMENTS IN OPPOSITION TO PLAINTIFFS' AND PROPOSED PLAINTIFF-INTERVENORS' MOTION FOR A PRELIMINARY INJUNCTION

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Paul A. Devamithran, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Alliance for Solar Manufacturing*

Dated: May 15, 2026

Ct. No. 26-01216

On behalf of Defendant-Intervenor the American Alliance for Solar Manufacturing, we hereby respectfully request that the Court dismiss the complaint filed by plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited and JA Solar USA Inc. (collectively, "JA Solar" or "Plaintiffs") for lack of subject matter jurisdiction. We also hereby submit comments in opposition to the motions for preliminary injunctions filed by Plaintiffs JA Solar and Proposed-Plaintiff-Intervenors JinkoSolar (U.S.) Inc., Jinko Solar (U.S.) Industries Inc., Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangxi Jinko Photovoltaic Materials Co., Ltd., Xinjiang Jinko Solar Co., Ltd., JinkoSolar (Chuzhou) Co., Ltd., JinkoSolar (Shangrao) Co., Ltd., JinkoSolar (Sichuan) Co., Ltd., JinkoSolar (Yiwu) Co., Ltd., Jinko Solar (Haining) Co., Ltd. (f/k/a Jinko Solar Technology (Haining) Co., Ltd.), Ruixu Industrial Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Jinko Solar (Shanghai) Management Co., Ltd., Jinko Solar International Limited, Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., Jinkosolar Middle East DMCC, Jinko Solar (Vietnam) Industries Company Limited (a/k/a Jinko Solar (Vietnam) Industries Co., Ltd.), and Jiangsu Jinko Tiansheng Solar Co., Ltd. (a/k/a Jiangsu Jinko Tian Sheng Solar Co., Ltd.) (collectively, "Jinko" or "Proposed Plaintiffs-Intervenors"), which were not interested parties in the underlying administrative review. *See* Pl. Compl. (Mar. 27, 2026), ECF No. 9 ("JA Solar Compl."); *see also* Pl. Mot. for Prelim. Inj. (Apr. 24, 2026), ECF No. 13 ("Pl. Mot."); Proposed Pl.-Intervenor's Partial Consent Mot. for Prelim. Inj. (May 8, 2026), ECF 28 ("Jinko Mot. for Prelim. Inj.").

On August 23, 2023, the Department of Commerce (the "Department" or "Commerce") issued a final determination that *Crystalline Silicon Photovoltaic Cells and Modules from Cambodia, Malaysia, Thailand, and Vietnam* were circumventing the Orders on a country-wide

1

Ct. No. 26-01216

basis, with the exception of three companies found to not be circumventing. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China,* 88 Fed. Reg. 57,419, 57,422 (Dep't Commerce Aug. 23, 2023) (final scope deter. and final affirmative deter. of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam). JA Solar and Jinko were *not* among those non-circumventing companies; therefore, the Department's circumvention finding applied to both of these entities. *See id.* Pursuant to the circumvention finding, the Department directed Customs and Border Protection ("CBP") to suspend liquidation of and collect cash deposits of the applicable antidumping and countervailing duties on U.S. imports of solar cells and modules from the aforementioned Southeast Asian countries. *Id.*

Commerce established a certification regime whereby companies like JA Solar and Jinko would not be subject to suspension of liquidation or cash deposit requirements under the circumvention determination if they "complete{d} the applicable certification and me{}t the certification and documentation requirements {}, as well as the requirements identified in the applicable certification." *Id.* at 57,422.

Both JA Solar and Jinko imported solar cells and modules and did not pay duties on those imports, opting instead to file circumvention certifications. Neither Plaintiffs nor Proposed Plaintiff-Intervenors were interested parties in the Department's underlying administrative review, covering the January 1, 2022 through December 31, 2022 period of review ("POR"), of the countervailing duty order on *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China* (the "Orders"). JA Solar did not request a review and was not requested to be reviewed. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8,641, 8,643-8,644 (Dep't Commerce Feb. 8, 2024).

2

Ct. No. 26-01216

And while Commerce initiated a review of certain Jinko Solar companies based on an administrative review request by the Alliance, Commerce later rescinded the review for these Jinko Solar companies because Jinko did not have reviewable entries during the POR, having opted instead to declare POR entries as non-subject pursuant to the circumvention certification process. Jinko Mot. for Prelim. Inj. at 8. While the administrative review was ongoing, CBP made determinations to reject JA Solar's circumvention certifications and found that the companies' entries were dutiable under the Orders, including entries made during the POR of the administrative review subject to this appeal. *See* JA Solar Compl.. CBP late made a similar determination concerning Jinko's entries, and reclassified certain Jinko entries in 2022 as subject to the Orders. *See* Jinko Mot. for Prelim. Inj. at 10. JA Solar requested that Commerce provide special instructions to CBP to suspend liquidation of entries made during the 2022 POR. Pl. Mot. at 7-8. Jinko made a late request to Commerce to enlarge the underlying administrative review and review their entries. Jinko Mot. for Prelim. Inj. at 9. Both JA Solar's and Jinko's requests were properly rejected by the agency because their entries were not under review. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 91 Fed. Reg. 3,419 (Dep't Commerce Jan. 27, 2026) (final results of countervailing duty admin. rev.; 2022), P.R. 192, and accompanying Issues and Decisions Memorandum at 26-27, P.R. 187; *see also* Letter from Dep't of Commerce to Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP, re: *Countervailing Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China; 2022: Rejection of Letters* (Sep. 2, 2025), P.R. 176. Thus, neither JA Solar nor Jinko had reviewable entries in the underlying review and were not interested parties in the underlying proceeding.

Ct. No. 26-01216

Plaintiffs do not have standing to bring this appeal of an administrative proceeding to which they were not an interested party. As such, the case should be dismissed for lack of subject-matter jurisdiction under the Court's rules. *See* CIT Rule 12(b)(1). Furthermore, because neither Plaintiffs nor Proposed Plaintiff-Intervenors were interested parties in the underlying proceeding, and because Plaintiffs lack standing to bring this appeal, the Court should reject Plaintiffs' and Proposed Plaintiffs-Intervenor's requests for preliminary injunctions. Pl. Mot.; *see also* Jinko Mot. for Prelim. Inj.

For the reasons detailed above, the Alliance respectfully submits that this Court should dismiss this action pursuant to Rule 12(b)(1) and deny JA Solar's and Jinko's motions for preliminary injunctions.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Paul A. Devamithran, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Alliance for Solar Manufacturing*

Dated: May 14, 2026

4

**<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for these Comments, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2024), is 1,015 words.

*<u>/s/ Timothy C. Brightbill</u>*
(Signature of Attorney)

<u>Timothy C. Brightbill</u>
(Name of Attorney)

<u>American Alliance for Solar Manufacturing</u>
(Representative Of)

<u>May 14, 2026</u>
(Date)

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, *et al.*,<br><br>     **Plaintiffs,**<br><br>    **and**<br><br>JINKO SOLAR IMPORT AND EXPORT CO. LTD., *et al.*,<br><br>     **Proposed Plaintiff-Intervenors,**<br><br>     **v.**<br><br>UNITED STATES,<br><br>     **Defendant,**<br><br>    **and**<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br><br>     **Defendant-Intervenor.** | **Before:  Hon. Joseph A. Laroski, Judge**<br><br>**Court No. 26-01216** |

## ORDER

Upon consideration of the plaintiffs' and proposed plaintiff-intervenors' motion for a preliminary injunction, defendants motion to dismiss and response in opposition to plaintiffs' and proposed plaintiff-intervenors' motions, and all other papers it is hereby

ORDERED that the plaintiffs' and proposed plaintiff-intervenors' motions for a preliminary injunction are denied, and it is further;

ORDERED that the defendants' motion to dismiss is granted, and it is further;

ORDERED that the complaint is dismissed.

Dated: _____       _____
 New York, New York           Joseph A. Laroski, Jr., Judge