**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Court No. 26-01216 |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| ALLIANCE FOR SOLAR MANUFACTURING AND TRADE COMMITTEE, | ) ) ) |
| Defendant-Intervenor. | ) ) |

**ORDER**

Upon consideration of the plaintiffs' motion for preliminary injunction, defendant's motion to dismiss and response in opposition to plaintiffs' motion, and all other papers, it is hereby

**ORDERED** that the plaintiffs' motion for preliminary injunction is denied; and it is further

**ORDERED** that the defendant's motion to dismiss is granted; and, it is further

**ORDERED** that the complaint is dismissed.

Dated: _____     _____
        New York, New York                              JUDGE

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |  |
|---|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Court No. 26-01216 |
| UNITED STATES, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) ) | |
| ALLIANCE FOR SOLAR MANUFACTURING AND TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) ) | |

## DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA HOGAN
Assistant Director

OF COUNSEL:
KARL MUELLER
Attorney
Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW
Washington, DC 20230

TATE N. WALKER
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C., 20044
Tel: (202) 307-0163
Email: Tate.Walker@usdoj.gov

July 13, 2026

*Attorneys for Defendant*

## TABLE OF CONTENTS

I.      JA Solar Misinterprets the Statute and Is Not An Interested Party ......................................2

II.     JA Solar's Remaining Arguments Fail to Establish Interested Party Status and
        Misconstrues Commerce's Practice .........................................................................................6

Conclusion .............................................................................................................................12

**TABLE OF AUTHORITIES**

Page(s)

Cases

*BlueScope Steel*,
   719 F. Supp. 3d 1357 (Ct. Int'l Trade 2024) ...................................................................... 9

*China Cornici Co. v. United States*,
   799 F. Supp. 3d 1373 (Ct. Int'l Trade 2025) ...................................................................... 5

*Cleo Inc. v. United States*,
   501 F.3d 1291 (Fed. Cir. 2007) ...................................................................... 9

*Goodluck India Ltd. v. United States*,
   670 F. Supp. 3d 1353 (Ct. Intl. Trade 2023) ...................................................4, 10, 11, 12

*Greentech Energy Sols v. United States*,
   714 F. Supp. 3d 1315 (Ct. Int'l Trade 2024) ...................................................................... 6

*Platt v. Union Pac. R. Co.*,
   99 U.S. 48 (1878) ...................................................................... 3

*Salman Ranch Ltd. v. U.S.*,
   573 F.3d 1362 (Fed. Cir. 2009) ...................................................................... 3

*U.S. Steel Corp. v. United States*,
   348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ...................................................................... 9

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*,
   435 U.S. 519 (1978) ...................................................................... 7

*Wind Tower Trade Coalition v. United States*,
   810 F. Supp. 3d 1351 (Ct. Int'l Trade 2024) ...................................................................... 9

Statutes

19 U.S.C. § 1675(a)(1) ...................................................................... 7, 10

19 U.S.C. § 1677(9)(A) ...................................................................... 2, 4

19 U.S.C. § 1677(25) ...................................................................... 3, 12

19 U.S.C 1675(a) ...................................................................... 3

28 U.S.C. § 2631 ...................................................................... 4

28 U.S.C. § 2631(c) ...................................................................... 1, 2, 4, 6

28 U.S.C. § 2637(c) ............................................................................................................... 6

19 U.S.C. § 1677(25) ............................................................................................................ 3

Regulations

19 C.F.R. § 351.212 .............................................................................................................. 4

19 C.F.R. § 351.228 .............................................................................................................. 6

19 C.F.R. §§ 351.213(b) ....................................................................................................... 7

19 CFR 351.213 .................................................................................................................. 10

19 CFR § 351.212(c) ........................................................................................................... 10

19 C.F.R. § 351.213 .............................................................................................................. 5

Other Authorities

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*,
88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) ................................................. 4

*Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*,
88 Fed. Reg. 83,917,  (Dep't of Commerce Dec. 1, 2023) ................................................ 4

 *Initiation of Antidumping and Countervailing Duty Administrative Reviews*,
90 Fed. Reg. 8,187, 8,194 (Dep't of Commerce Jan. 27, 2025) .................................... 5,6

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022*, 91 Fed. Reg. 3,419 (Dep't of Commerce Jan. 27, 2026) ................................... 6

*Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Review, Preliminary Determination of No Shipments, and Partial Recission; 2021-2022, 89 Fed. Reg. 66,342 (Dep't of Commerce Aug. 15, 2024)------- 8*

*Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Determination of No Shipments and Recission, In Part; 2024, 2020-2021*, 91 Fed. Reg. 22,126 (Dep't of Commerce Apr. 24, 2026)--------------------------------------------------- 8

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8,641 (Dep't of Commerce Feb. 8, 2024) ....................................................... 5

*Regulation To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52,300 (Sept. 20, 2021)---------------------------------- 6

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, *et al*., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Court No. 26-01216 |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| ALLIANCE FOR SOLAR MANUFACTURING AND TRADE COMMITTEE, | ) ) ) |
| Defendant-Intervenor. | ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States respectfully submits this reply in support of our motion to dismiss the complaint filed by JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited, and JA Solar USA Inc. (collectively, JA Solar) for lack of subject matter jurisdiction. In our motion, we established that this Court lacks jurisdiction to entertain JA Solar's challenge to the final results of the Department of Commerce's 2022 administrative review covering crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells) from the People's Republic of China (China). In its response, JA Solar disputes Commerce's interpretation of the Court's jurisdictional statute, 28 U.S.C. § 2631(c), and contends that JA Solar is an interested party with standing to challenge the final results. JA Solar's arguments, however, cannot be reconciled with this Court's jurisdictional statute.

**I.      JA Solar Misinterprets the Statute and Is Not An Interested Party**

We explained in our motion that, for this Court to have jurisdiction under 28 U.S.C. § 2631(c) to entertain JA Solar's challenge to the administrative review, JA Solar must be both a party to the proceeding *and* an interested party.  Defendant's Motion (Def. Mot.), ECF No. 32 (May 15, 2026).  JA Solar spends a significant portion of its response arguing that it is a party to the proceeding due to submission of a case brief and that Commerce could have authority to conduct administrative review of JA Solar's entries.  *See* Plaintiffs' Response to Motion to Dismiss (Pl. Resp.), ECF No. 37 at 4-16.  We do not dispute that JA Solar participated in the administrative proceeding.  Nor do we dispute that, had review been timely requested, Commerce could have included JA Solar in the administrative review and assigned a countervailing duty (CVD) rate.  Rather, our motion rests upon the fact that JA Solar is not an *interested party*, as defined by 19 U.S.C. § 1677(9)(A), with respect to the challenged administrative review.

JA Solar argues that JA Solar is an interested party with entries of subject merchandise and that our interpretation of the statute is "selective."  Pl. Resp. at 2-3.  JA Solar alleges that its solar modules were brought within the scope of the review, or, in the alternative, the orders on solar cells from China by CBP's determinations that JA Solar's certifications were deficient.  *Id.* at 3; *see also* Complaint (Compl.), ECF No. 9 (March 27, 2026) ¶¶ 22-23.  However, as shown in our motion, JA Solar's entries were not subject to the administrative review as no party requested review of JA Solar.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8,641, 8,646-47 (Dep't of Commerce Feb. 8, 2024)

2

(*Initiation Notice*) (P.R. 15);[1] *see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022*, 91 Fed. Reg. 3,419 (Dep't of Commerce Jan. 27, 2026) (*Final Results*) (P.R. 192), and accompanying Issues and Decision Memorandum (IDM) at 26 (P.R. 187).  Further, the mere fact that JA Solar produces or imports merchandise subject to the order does not bring its merchandise within "the class or kind of merchandise that is within the scope of" a particular administrative review.  19 U.S.C. § 1677(25).

First, JA Solar's reading of the statute would render the word "review" in 19 U.S.C. § 1677(25) superfluous.  *See Salman Ranch Ltd. v. U.S.*, 573 F.3d 1362, 1371 (Fed. Cir. 2009) ("'a legislature is presumed to have used no superfluous words'") (quoting *Platt v. Union Pac. R. Co.*, 99 U.S. 48, 58 (1878)).  In the definition of subject merchandise, section 1677(25) separately lists merchandise "within the scope of an investigation, a review, a suspension agreement, an order under this title . . . , or a finding under the Antidumping Act, 1921."  Under the statute Commerce conducts reviews of "a countervailing duty order . . ., an antidumping duty order . . ., or a notice of the suspension of an investigation{.}" 19 U.S.C 1675(a).  Inclusion of the word "review" in the definition of subject merchandise would therefore be superfluous under JA Solar's interpretation of section 1677(25) if merchandise "within the scope" of an order or suspension agreement was also always "within the scope" of a review.  Rather, JA Solar's entries were not subject merchandise that is "within the scope of . . . a review" in question in this litigation under 19 U.S.C. § 1677(25).  JA Solar therefore was not an interested party as required

---

[1]  All references to the public and proprietary documents in this proceeding are abbreviated as "P.R. __ " and "C.R. __," respectively.  *See* Administrative Record Index, ECF No. 30 (May 6, 2026).

by 19 U.S.C. § 1677(9)(A).  As such, JA Solar does not have standing under 28 U.S.C. § 2631(c).  *See* IDM at 26.

Second, the requirement to seek review annually is required by the statutory and regulatory scheme.  *See* 19 C.F.R. § 351.212; 19 U.S.C. §§ 1673d(c)(1)(B)(ii), 1673e(c)(3).  Congress did not design 28 U.S.C. § 2631 to allow respondent to circumvent the requirement to request a review of an order.  *Goodluck India* supports this conclusion.  In that case, the plaintiff argued that because it was not covered by the final antidumping duty determination, it "had no right to request {an administrative review} during the anniversary month."  *Goodluck India Ltd. v. United State*s, 670 F. Supp. 3d 1353, 1371 (Ct. Intl. Trade 2023).  The Court observed that "{i}mplicit in this argument is that when the right to request was unavailable during the anniversary month, Goodluck was otherwise entitled to a right to request at some other time.  Not so, on both counts."  *Id*. at 1372.  Thus, as long as the order has "sufficient scope to include or take into account a particular exporter or producer in order for that exporter or producer to request AR."  *Id.*[2]  Failing to timely request annual review subjects a party to the rates in the last administrative review of the order automatically.  19 C.F.R. § 351.212(c)(1)(i-ii).

Third, JA Solar now argues that it is an interested party because its entries are subject to the countervailing duty order on solar cells and modules from China.  However, the Court's jurisdictional statute, 19 U.S.C. § 1516a(a)(2)(A)(ii), does not aid JA Solar in any challenge to the CVD order.  Any challenge to a countervailing duty order must be challenged within thirty days of publication.  The CVD order was published in 2012, as recognized by JA Solar.  *See*

---

[2]  JA Solar had this opportunity when its Vietnamese products were found to be circumventing the China CVD orders in 2023, requiring the certification process by CBP at issue here.  Compl. ¶¶13-14, 17.

4

Compl. ¶ 10 (citing *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg. 73,017 (Dep't of Commerce Dec. 7, 2012)).

JA Solar also argues that this Court previously rejected a "limited" interpretation of the term "subject merchandise." Pl. Resp. at 3 (citing *China Cornici Co. v. United States*, 799 F. Supp. 3d 1373, 1380 (Ct. Int'l Trade 2025)). However, *China Cornici* does not assist JA Solar in demonstrating that it is an interested party. In *China Cornici*, the Court considered whether Commerce lawfully rescinded an administrative review where Commerce initiated a review of the company's entries, but the entries were mislabeled and liquidation was not therefore suspended. 799 F. Supp. 3d at 1376. Commerce contended in that case that "unsuspended entries of subject merchandise were not enough to entitle the parties to an administrative review." *Id.* at 1380. The question, thus, was whether 19 C.F.R. § 351.213 allowed Commerce to rescind an initiated review where there *were* entries of merchandise subject to the review, but for which liquidation was not suspended. *Id.* at 1381.

Here, unlike in *China Cornici*, the question is not whether JA Solar has suspended entries; rather, the question is whether JA Solar's entries were subject to the review at all. Indeed, if anything, *China Cornici* would support the proposition that JA Solar could have requested review and rendered its entries subject merchandise within the scope of the review, even if liquidation of the entries were not suspended. *See China Cornici,* 799 F. Supp. 3d at 1381 Thus, JA Solar errs in asserting broadly that "{l}acking a suspended entry, it would have been futile for JA Solar to request an administrative review prior to CBP taking action to convert JA Solar's entire to Type 03." Resp. at 11.

5

As explained above and in our motion, JA Solar's entries were not subject to the administrative review because no party requested review of JA Solar and, thus, Commerce did not initiate this administrative review with respect to JA Solar. *See Initiation Notice*, 89 Fed. Reg. at 8,646-47. JA Solar was therefore not an interested party, and this Court lacks jurisdiction to consider JA Solar's claims under 28 U.S.C. § 2637(c). The complaint should be dismissed.[3]

## II.    JA Solar's Remaining Arguments Fail to Establish Interested Party Status and Misconstrue Commerce's Practice

JA Solar also argues that Commerce can, and should have, modified the deadline to request an administrative review. *See* Pl. Resp. at 12-16. This assertion relates to the merits, which this Court cannot address before satisfying itself of jurisdiction. As demonstrated above, JA Solar was not an interested party with standing to challenge the administrative review under 28 U.S.C. § 2631(c), and this Court should thus dismiss JA Solar's arguments as to the merits of its case.

Regardless, JA Solar seeks to distinguish the cases we cited in our motion for the principle that Commerce has discretion to establish and enforce its deadlines, on the basis that the relevant deadlines pertained to submission of factual information, rather than the deadline to

---

[3] JA Solar discusses our reliance on *Greentech Energy Sols v. United States*, 714 F. Supp. 3d 1315 (Ct. Int'l Trade 2024) extensively. Resp. at 5-8. JA Solar's principal point is that CBP performed solely a ministerial function in this case. Resp. at 6. However, JA Solar still misses the point that CBP determined, on its own, that JA Solar's certificates did not meet the requirements. As a result of that, CBP then liquidated the entries per Commerce's instructions. But that does not hide the fact that CBP still made the decision to reject the certifications on its own as it did *Greentech*. 714 F. Supp. 3d at 1321 (setting forth that CBP requested information from that plaintiff and then rejected the documentation for the certification as not proper); *see Regulation To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52,300, 52,364 (Sept. 20, 2021) ("{19 C.F.R. § 351.228} is not intended to supplant CBP's authority, nor is a formal finding by CBP required for Commerce to determine, within its own authority, that the certification is deficient and unreliable").

request an administrative review. *Id.* at 12-13. Specifically, JA Solar argues that "{t}he statute does not limit Commerce to only accepting a request for review during the anniversary month of the relevant AD/CVD order." *Id.* at 13 (citing 19 U.S.C. § 1675(a)(1)). However, the statute places *no* restriction on Commerce for when to consider "a request for such a review{.}" *See* 19 U.S.C. § 1675(a)(1). Rather, the statute requires Commerce to consider requests for review "{a}t least once during each 12-month period beginning on the anniversary of the date of publication of a countervailing duty order under this title{.}" *Id.*

Commerce has established deadlines for requesting an administrative review in order to administer the statute, as Commerce has established deadlines for parties to submit factual information. *See* 19 C.F.R. §§ 351.213(b), 351.301. As the Supreme Court has indicated, "{a}bsent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) (internal quotations and citations omitted). Here, consistent with its regulations and practice, Commerce provided an opportunity to request an administrative review within the anniversary month of the CVD order and initiated review of all entities for which review was timely requested. *See Initiation Notice*; *see also Antidumping or Countervailing Duty Order, Fining, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 83,917 (Dep't of Commerce Dec. 1, 2023); 19 C.F.R. § 351.213(b).

JA Solar further argues that Commerce departed from a practice of modifying the period of review. *See* Pl. Resp. at 13-14 (citing *Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Review, Preliminary*

7

*Determination of No Shipments, and Partial Recission; 2021-2022*, 89 Fed. Reg. 66,342 (Dep't

of Commerce Aug. 15, 2024), *unchanged in relevant part by Certain Hardwood Plywood*

*Products From the People's Republic of China: Final Results of Administrative Reviews of the*

*Antidumping and Countervailing Duty Orders, Final Determination of No Shipments; 2021-*

*2022*, 90 Fed. Reg. 21,271 (Dep't of Commerce May 19, 2025) (*Hardwood Playwood 21-22*

*AR*); *Certain Hardwood Plywood Products from the People's Republic of China: Preliminary*

*Determination of No Shipments and Recission, In Part; 2024, 2020-2021*, 91 Fed. Reg. 22,126

(Dep't of Commerce Apr. 24, 2026) (*Hardwood Plywood 2024 AR*).  The hardwood plywood

case does not establish a consistent practice by Commerce and was a different factual scenario

than the one presented here, as the opportunity to request administrative review had passed

before Commerce made a final circumvention determination.  *See* IDM at 27.

JA Solar cites *Hardwood Plywood 2024 AR* to support the proposition that Commerce

expands a period of review (POR) to examine entries newly converted to Type 03.  However, as

explained in our motion, the POR in the hardwood plywood administrative reviews was

expanded to deal with entries for which there had not been an opportunity to submit

certifications or request review due to the timing of the determination of circumvention in that

case.  *See Hardwood Plywood 21-22 AR* and accompanying IDM at Comment 9 ("for non-

subject entries to be liquidated without AD/CVD duties, they must be accompanied by

certifications.  Therefore we disagree with respondents' proposition that it would be appropriate

to liquidate any pre-POR entries without collecting and examining, if applicable, *any*

*certifications that would have been submitted with those entries had {certifications} been*

*permitted*." (emphasis added));  *see also Certain Hardwood Plywood Products From the*

*People's Republic of China: Final Scope Determination and Affirmative Final Determination of*

*Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (Dep't of Commerce July 2023) and accompanying IDM at 180-81; IDM at 27.  This single instance does not establish a practice that Commerce routinely conducts special administrative reviews in response to CBP determinations about the adequacy of certifications after the deadline to submit review requests.  *See* Pl. Resp. at 12; *see also U.S. Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018) (explaining that methodologies used "repeatedly and regularly" constitute binding agency practice); *Wind Tower Trade Coalition v. United States*, 810 F. Supp. 3d 1351, 1357 (Ct. Int'l Trade 2024) ("Plaintiff raises three additional examples {of Commerce's determinations following an alleged practice}.  These additional examples, are unpersuasive, however, as '{p}rior determinations by the {agency} with regard to one industry typically provide little guidance for later determinations with regard to different industries.'" (citing *Cleo Inc. v. United States*, 501 F.3d 1291, 1299 (Fed. Cir. 2007); *BlueScope Steel*, 719 F. Supp. 3d 1357, 1368 (Ct. Int'l Trade 2024))).  As argued in our motion, the circumstances in this case were different from those in the hardwood plywood proceedings, and as such, this Court should not find there was binding practice requiring Commerce to take action in this administrative review.

Central to JA Solar's contentions, JA Solar suggests that it was not aware it needed to request an administrative review until CBP rejected JA Solar's certifications.  Pl. Resp. at 10-11, 15.  As an initial matter, whether JA Solar knew or should have known that its merchandise could be subject to the CVD order is irrelevant to the threshold inquiry, as discussed above, of whether JA Solar was an interested party to the proceeding.  However, as described in our motion and regardless of JA Solar's selective reading, due to Commerce's circumvention determination, JA Solar's entries were subject to the orders on solar cells from China unless properly certified, as

determined by Commerce or CBP.  As Commerce stated in its *Final Circumvention*

*Determination*,

> {t}he claims made in the certifications and any supporting
> documentation are subject to verification by Commerce and/or
> CBP. . . .  If it is determined that an importer and/or exporter has
> not met the certification and/or related documentation
> requirements for certain entries, Commerce intends to instruct CBP
> to suspend, pursuant to these country-wide affirmative
> determinations of circumvention {of} the *Orders*, all unliquidated
> entries for which these requirements were not met and require the
> importer to post applicable AD and CVD cash deposits.

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether*

*or Not Assembled Into Modules, From the People's Republic of China: Final Scope*

*Determination and Final Affirmative Determinations of Circumvention With Respect to*

*Cambodia, Malaysia, Thailand, and Vietnam*. 88 Fed. Reg. 57,419, 57,423 (Dep't of Commerce

Aug. 23, 2023) (*Final Circumvention Determination*) (citations omitted)).  This is further

supported by Commerce's liquidation instructions, which stated:

> 1. Commerce does not automatically conduct administrative
> reviews of countervailing duty orders. Instead, reviews must be
> requested pursuant to {19  U.S.C. § 1675(a)(1)}, and in accordance
> with 19 CFR 351.213.
>
> 2. Commerce has not received a request for an administrative
> review of the countervailing duty order for the period and on the
> merchandise identified below except for firms listed in paragraph
>
> 3. Therefore, in accordance with 19 CFR § 351.212(c), you are to
> liquidate all entries for all firms except those listed in paragraph 3.

Automatic Liquidation Instructions, Mar. 21, 2024 (P.R. 184) at 3.

    Contrary to JA Solar's contentions, Pl. Resp. at 8-10, this situation is quite similar to

*Goodluck India* where the plaintiff's entries were provisionally excluded from the order, and the

plaintiff thus did not request administrative review.  670 F. Supp. 3d at 1367-68.  Commerce

10

declined to consider the plaintiff's late request for review after the plaintiff's entries were later brought back into the relevant order. This Court upheld Commerce's decision. *Id.* at 1369, 1385. Similarly, here JA Solar was aware of the country-wide circumvention determination subjecting producers of solar cells in the circumventing countries to the orders on solar cells from China unless those producers' entries were properly certified. *See* Compl. at ¶¶ 13-20; *see also Final Circumvention Determination*, 88 Fed. Reg. at 57,420. As such, while its entries were provisionally not treated as being subject to the orders by CBP, JA Solar should have timely requested administrative review if it wished to be assigned a review-specific rate should CBP find those certifications deficient. *See Goodluck India*, 670 F. Supp. 3d at 1372-74.

As described in our motion and revealed in JA Solar's failure to request administrative review and response to our motion, JA Solar's dispute, at its core, is with CBP's reclassification of its entries due to CBP's independent determination that JA Solar's certifications were deficient, and not with this administrative review. *See* Pl. Resp. at 3, 5; Compl. at ¶¶ 22-23. JA Solar argues that CBP's actions were ministerial, but ignores the arguments in our motion as to how CBP exercised discretion in making factual findings regarding JA Solar's certifications. *See* Pl. Resp. at 5-7. Alternatively, JA Solar seeks relief via a challenge with respect to subsequent Commerce proceedings that have not yet resulted in a final, challengeable determination. Pl. Resp. at 5, 17 (describing that this Court should mandate Commerce order suspension of entries while Commerce considers JA Solar's arguments in subsequent administrative reviews).

JA Solar alleges it has entries on which CBP did not make a determination regarding the sufficiency of JA Solar's certifications until after the deadline to request an administrative review had passed. Compl. at ¶¶ 22-23. However, JA Solar should have requested an administrative review to protect its entries while CBP considered JA Solar's entry documents so that, should

11

CBP reject its certifications, Commerce could determine the appropriate CVD rate. *See Goodluck India*, 670 F. Supp. 3d at 1372-74. Instead, JA Solar did not request an administrative review of its entries, perhaps hoping that CBP would accept its certifications. Thus, because there was no timely review request, Commerce did not initiate a review with respect to the JA Solar entities involved in this case. *See Initiation Notice*, 89 Fed. Reg. at 8,646-47. As such, as discussed above and in our motion, while JA Solar timely submitted a case brief, that did not allow JA Solar to parachute into the review as an interested party as defined by 19 U.S.C. § 1677(25). JA Solar does not have standing to bring its challenge, and this Court therefore does not possess jurisdiction over JA Solar's claims.

## CONCLUSION

For these reasons and those explained in our motion, we respectfully request that the Court dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

OF COUNSEL:
KARL MUELLER
Attorney
Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW
Washington, DC 20230

/s/ Tate Nathan Walker
TATE NATHAN WALKER
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C., 20044
Tel: (202) 307-0163
Email: Tate.Walker@usdoj.gov

12

July 13, 2026                                    *Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 3,524 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Tate N. Walker